IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL BANKS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMON PLEAS OF PHILADELPHIA, *et al.* | : | No. 09-1065 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                                         December 22, 2009
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se*, pursuant to 28 U.S.C. § 2254. Darryl Banks ("Petitioner"), currently incarcerated at the State Correctional Institution in Mercer, Pennsylvania, seeks habeas relief based on claims that allege abuse of discretion in sentencing, denial of confrontation rights, and ineffective assistance of counsel. The Honorable Lawrence F. Stengel referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claims be DISMISSED without a hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

On December 3, 2004, after a waiver trial, the Honorable Rayford A. Means convicted Petitioner of robbery, aggravated assault, theft by unlawful taking, theft by receiving stolen property, terroristic threats, simple assault, and recklessly endangering another person. Rev. Pet. at 4; .Resp. Ex. D ("Memorandum of Law in Support of Appeal *Nunc Pro Tunc*" at 1).[2] The convictions stemmed from a March 2004 altercation between Petitioner and his girlfriend, the victim. Resp. Ex.

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Revised Habeas Corpus Petition ("Rev. Pet.") (Doc. No. 3), the Response ("Resp.") (Doc. No. 16) inclusive of all exhibits thereto, and other documents field by the parties.

[2] Exhibit D to Commonwealth's Response consists of four separate documents: (1) Order for Hearing, (2) Appeal *Nunc Pro Tunc*, (3) Memorandum of Law in Support of Appeal *Nunc Pro Tunc*, and (4) Order.

D at 2. During an argument over money, Petitioner kicked, threw, strangled, and threatened the victim. *Id.* at 2-3. He also grabbed, but did not retain, her wallet. *Id.* at 3.

On January 26, 2005, the Honorable Rayford A. Means sentenced Petitioner to five to ten years in prison followed by a probation period of five years and five days. Rev. Pet. at 4. At that time, Judge Means also appointed Douglas Earl, Esquire to assist Petitioner in his appeal. *Id.* at 10. Petitioner, however, never filed a direct appeal.[3] *Id.* at 4.

On August 19, 2005, Petitioner filed a petition, *pro se*, under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. Commw.'s Dec. 18, 2009 Letter, Attached Docket at 15 (Doc. No. 27).[4] In his PCRA petition, Petitioner asserted that his counsel refused to assist him in his direct appeal and sought new counsel and reinstatement of his appellate rights. Resp. at 1.

On July 11, 2008, Petitioner's former appellate counsel was removed and replaced by Earl D. Raynor, Esquire. Resp. at 1. On March 24, 2009, Mr. Raynor filed an amended PCRA petition seeking the right to file an appeal *nunc pro tunc*. Resp. at 2. On September 18, 2009, the Commonwealth formally agreed to the reinstatement of Petitioner's appellate rights. Commw.'s Sept. 28, 2009 Letter at 1 (Doc. No. 20). On December 18, 2009, Petitioner's direct appellate rights were reinstated. Commw.'s Dec. 18, 2009 Letter, Attached Docket at 19.

On March 3, 2009 Petitioner filed the instant habeas corpus petition.[5] Petitioner asserts abuse

---

[3] Petitioner asserts that his failure to file a direct appeal resulted from the ineffective assistance of his court appointed appellate counsel. Rev. Pet. at 8. According to Petitioner, during a period of four years and eight months, he repeatedly contacted counsel and requested filing of a direct appeal, only to be ignored. *Id.*

[4] The PCRA petition was originally docketed as being filed on October 12, 2007; however, Petitioner's PCRA counsel, the Assistant District Attorney assigned to the PCRA petition, and the state court staff have amended the state court docket to reflect that the PCRA petition was actually filed on August 19, 2005. Commw.'s Dec. 18, 2009 Letter.

[5] The petition was received on March 9, 2009. Because Petitioner is a *pro se* inmate, his petition must be deemed filed on the date he gave it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner signed the petition on March 3, 2009. Petition at 9 (Doc. No. 1). Absent evidence to the contrary, the court will consider the habeas petition filed on this earlier date.

2

of discretion in sentencing,[6] denial of confrontation rights, and ineffective assistance of counsel as grounds for habeas relief. Rev. Pet. at 9-10.

Respondent argues that the petition should be dismissed for failure to exhaust available state remedies because Petitioner has an active PCRA proceeding in state court, and he never filed a direct appeal of his conviction. Resp. at 2-4. Respondent adds that the reinstatement of Petitioner's direct appellate rights will provide him the remedy he seeks. *Id.* at 4. Since Petitioner's direct appellate rights have been reinstated, the court agrees that his claims should be dismissed for failure to exhaust.

## II. DISCUSSION

It is well settled that before a prisoner may petition the court for habeas relief, he must first exhaust the state remedies available to him. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion occurs when the state has had a "fair opportunity" to respond to the petitioner's claims. *Id.* at 844. The policy of allowing a state the first opportunity to address Constitutional claims against it is grounded in principles of comity and federalism. *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993).

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this petition, an applicant "shall not be deemed to have exhausted the remedies available in courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To decide whether a petitioner has exhausted his state remedies, a court must determine what procedures are available under state law. *See O'Sullivan*, 526 U.S. at 847-48. Pennsylvania courts will consider a claim exhausted when a

---

[6] In a later filing, Petitioner rephrased this claim as ineffective assistance of trial counsel at the sentencing phase. (Document No. 19 at 4). In this same filing, Petitioner raised a new ground for relief: trial counsel was ineffective for losing a suppression motion. *Id.*

3

claim has been presented to the Superior Court and relief has been denied. Pennsylvania Rule of Judicial Administration No. 218.[7] Presentation and denial of a claim in the Pennsylvania Supreme Court, though not required, will also result in exhaustion. *Id.*

A federal court may waive the exhaustion requirement if it determines that an inordinate delay by the state in processing the petitioner's claims made state review unavailable. *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). When an inordinate delay results in failure to protect the petitioner's rights, excuse of exhaustion may be appropriate. *Id.* However, despite a delay in the prosecution of state proceedings, a federal court should defer acting in a habeas matter if those proceedings resume. *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002).

Petitioner has failed to exhaust the State remedies available to him. In Pennsylvania, a prisoner may directly appeal a conviction, Pa. Const. Art. 5, § 9, and collaterally attack it by filing a PCRA petition. 42 Pa. Cons. Stat. Ann. §§ 9542-43. Because, thus far, Petitioner has been unable to perfect a direct appeal and because his PCRA petition has resulted in the reinstatement of his direct appellate rights, his state remedies have not been exhausted.

Petitioner blames his failure to exhaust on an inordinate delay caused when his court-appointed counsel failed to file a direct appeal and failed to pursue his PCRA petition. Pet'r's Motion for Final Judgment Without Prejudice and Immediate Release at [3] (Document No. 21). If Petitioner's contentions are true, it would indeed appear that he has been neglected by his previous

---

[7] Pennsylvania Rule of Judicial Administration No. 218 provides in relevant part:

> We hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

attorney. However, progress on his PCRA petition has resumed with the appointment of new counsel, thereby making exhaustion viable. *See Cristin*, 281 F.3d at 411. Moreover, his direct appellate rights have been reinstated, giving him a second chance to file the necessary direct appeal and to seek relief in the state courts.

### III. CONCLUSION

Petitioner has failed to exhaust his state remedies. He failed to file a direct appeal but his direct appellate rights have been reinstated, hence, he will have the opportunity to directly appeal his conviction and obtain relief at the state level. Further, reasonable jurists would not debate the appropriateness of this court's procedural disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

### RECOMMENDATION

AND NOW, this 22nd day of December, 2009, for the reasons contained in the preceding report, it is hereby RECOMMENDED that Petitioner's claims be DISMISSED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

It be so ORDERED.

          */s/ Carol Sandra Moore Wells*
          CAROL SANDRA MOORE WELLS
          UNITED STATES MAGISTRATE JUDGE